IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MICHAEL AWASIKA | : | |
| Plaintiff | : | |
| v | : | Civil Action No. WDQ-07-315 |
| GEORGE L. RUSSELL, III and UNKNOWN NAME AGENTS | : | |
| | : | |
| Defendants | | |

o0o

## **MEMORANDUM**

The above-captioned civil rights action, filed on February 5, 2007, seeks monetary damages against then Assistant United States Attorney George Russell, III, and unknown agents, for participating in Plaintiff's sentencing in his federal criminal case. Paper No. 1. He alleges that Russell failed to prevent the imposition of a 63 month sentence when he knew it was plain error and violated his rights to an alternate sentence of 55 months. *Id*. Plaintiff appealed and the case was remanded to this court for re-sentencing. *Id*. On remand, this court sentenced Plaintiff to serve 55 months. *Id*. Plaintiff asserts that the imposition of a 63 month sentence caused him undue stress and anxiety. *Id*.

This Court is obliged by 28 U.S.C. §1915A to screen prisoner complaints and dismiss any complaint that is frivolous, malicious or fails to state a claim upon which relief may be granted. In deciding whether a complaint is frivolous "[t]he district court need not look beyond the complaint's allegations . . . . It must, however, hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally." *White v. White,* 886 F. 2d 721, 722-723 (4th Cir. 1989). Application of this standard to this case requires dismissal.

The claim for damages against the Assistant United States Attorney is based upon conduct "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976).  In such a case the prosecutor is entitled to absolute immunity from a civil suit for damages.  The guideline recommendations made in this case fall clearly within the ambit of prosecutorial duties that are afforded absolute immunity.  *See Nivens v. Gilchrist*, 444 F. 3d 237, 250 (4th Cir. 2006) (absolute immunity for prosecutor's decision to initiate criminal charges).   Plaintiff initially received a sentence that was eight months longer than it should have been pursuant to the application of then mandatory sentencing guidelines. *See United States of America v. Awosika*, Slip Op. No. 04-4591 (4th Cir. 2006).  There is no indication that the prosecutor's actions fell outside the scope of his traditional duties.  *See Buckley v. Fitzsimmons*, 509 U.S. 259, 272 (1993) ("administrative duties and those investigatory functions that do not relate to an advocate's preparation for the initiation of a prosecution or for judicial proceedings are not entitled to absolute immunity").   In any event, the error has been corrected through appellate review and Plaintiff was not required to serve any additional prison time as a result of the mandatory application of the sentencing guidelines.

A separate Order follows.


February 28, 2007                                   /s/
Date                                           William D. Quarles, Jr.
                                               United States District Judge